IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HERBERT REESE,** | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 1:23-cv-339 |
| **COMMONWEALTH OF VENANGO COUNTY,** *et al.,* | ) |
| **Defendants.** | ) |

## MEMORANDUM ORDER

This *pro* se civil action was commenced by Plaintiff Herbert Reese, an inmate at the State Correctional Institution at Huntingdon ("SCI-Huntingdon") who is seeking redress under 42 U.S.C. §1983 for the alleged violation of his civil rights. The operative pleading at this juncture is Plaintiff's Amended Complaint, filed at ECF No. 21. The case has been referred to Chief United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges.

Pending before the Court is Plaintiff's Motion for Retraining Order and/or Protection from Abuse Order, filed at ECF No. 32. As best this Court can discern, the motion alleges that a fraudulent order was issued by a Venango County state court judge, which resulted in "raw epsom salt" being placed in Plaintiff's walking shoes. ECF No. 34 at 1-2. The motion further states that the "raw epsom salt" caused injury to Plaintiff's feet to the extent that he required medical treatment at the Erie County Prison, where he was then incarcerated. *Id.* at 2.

On November 6, 2024, Judge Lanzillo issued a Report and Recommendation ("R&R") in which he opined that this Court should construe the pending motion as one seeking a temporary restraining order ("TRO") under Federal Rule of Civil Procedure 65 and deny the motion, so

1

construed. ECF No. 34. Judge Lanzillo concluded that Plaintiff's motion fails to satisfy any of the requirements for emergency injunctive relief and is facially frivolous. Whereas Plaintiff's Amended Complaint is directed at Venango County and various county officials, his putative TRO is directed against personnel at the Erie County Prison. Because neither the prison nor its employees are parties to this litigation, Judge Lanzillo noted that the Court cannot impose injunctive relief against and prison officials, especially where there has been no allegation of "active concert" between the subjects of the TRO motion and the subjects of the Defendants named in the Amended Complaint. Judge Lanzillo also found that the TRO motion was devoid of factual allegations to support any claim for injunctive relief against the individuals named in the Amended Complaint. He determined that Plaintiff had offered nothing to demonstrate: (i) that he would suffer irreparable harm in the absence of emergency relief, or (ii) a likelihood of success on the merits of any conceivable claim against the named Defendants arising out of the misconduct alleged in the TRO. Finally, Judge Lanzillo noted that the TRO motion sought relief against the Erie County Prison that could only be pursued in a separate lawsuit.

After receiving multiple extensions of time, Plaintiff submitted objections to the R&R, which were docketed on January 15, 2025. ECF No. 50. The Court has fully considered Plaintiff's objections on a *de novo* basis but finds no grounds for granting the relief requested in his motion. At bottom, Plaintiff states his disagreement with various aspects of the R&R; however, he offers nothing more than vague and conclusory allegations, which fail to demonstrate a likelihood of success on his underlying legal claims or a threat of immediate and irreparable injury absent the requested injunctive relief. In addition, the record reflects that Plaintiff has since been transferred to a new housing location at SCI-Huntingdon. Therefore, his request for injunctive relief against officials at the Erie County Prison are now moot. *See Sutton*

*v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003), *as amended* (May 29, 2003) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims.") (citing authority).

Accordingly, upon *de novo* review of the complaint and documents in the case, including the Amended Complaint, ECF No. [21], Plaintiff's motion at ECF No. [32], the Chief Magistrate Judge's Report and Recommendation at ECF No. [34], and Plaintiff's objections thereto, ECF No. [50], the following Order is entered:

NOW, this 12th day of February, 2025, IT IS ORDERED that Plaintiff's Motion for a Restraining Order and/or Protection from Abuse at ECF No. [32] is hereby DENIED.

IT IS FURTHER ORDERED that the Report and Recommendation of Chief U.S. Magistrate Judge Lanzillo, issued on November 6, 2024, ECF No. [34], is adopted as the opinion of this Court. Plaintiff's objections to the Report and Recommendation [50] are OVERRULED.

*/s/ Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge