IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERBERT REESE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 1:23-cv-339 |
| COMMONWEALTH OF VENANGO COUNTY, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM ORDER

This *pro* se civil rights action was commenced by Plaintiff Herbert Reese, currently an inmate at the State Correctional Institution at Huntingdon ("SCI-Huntingdon"). Plaintiff has brought the instant lawsuit under 42 U.S.C. §1983, seeking redress for the alleged violation of his civil rights. To that end, he has filed a 100-page Amended Complaint, ECF No. 21, which constitutes the operative pleading at this juncture. The named Defendants include the "Commonwealth of Venango County," Venango County Court of Common Pleas Judges Oliver J. Lobaugh, William H. White, and Thomas K. Kistler, Venango County District Attorneys Shawn White and Justin Fleeger, Magisterial District Judge Andrew F. Fish, Police Chief David Ragon, Police Officer Joan Orr, County Commissioner Sam Breene, Oil City Manager Mark Schroyer, and Franklin Mayor Douglas Baker. The case has been referred to Chief United States Magistrate Judge Richard A. Lanzillo for all pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges.

Because Plaintiff is proceeding on his Section 1983 claims *in forma pauperis*, his Amended Complaint is subject to review under to the provisions of 28 U.S.C. §1915(e)(2) and

1

§1915A. After conducting the mandatory review, Judge Lanzillo issued a Report and Recommendation ("R&R") in which he concluded that the Amended Complaint should be dismissed because it is legally frivolous and/or fails to state a claim upon which relief can be granted. *See* ECF No. 38. In his R&R, Judge Lanzillo notes that Plaintiff's pleading is "long, rambling, fanciful, and occasionally difficult to decipher." *Id*. at 2. Nevertheless, Judge Lanzillo perceived that Plaintiff was predicating his claims on a number of incidents that allegedly occurred between 2007 and 2023. After identifying those events, Judge Lanzillo explained that the majority of Plaintiff's claims were barred by the applicable two-year statute of limitations for Section 1983 claims and/or by the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Judge Lanzillo further determined that Plaintiff's claims against Defendants Breene, Schroyer, and Baker should be dismissed based on Plaintiff's failure to allege the personal involvement of those Defendants in the alleged deprivation of Plaintiff's federal rights. To the extent Plaintiff was asserting timely claims based upon his unsuccessful effort to report various crimes to the District Attorney in 2022, Judge Lanzillo opined that Plaintiff had failed to state a viable basis for legal relief, because individual citizens have no constitutional right to have alleged criminals prosecuted. *See* ECF No. 38 at 8-9.

Plaintiff submitted objections to the R&R, which the Clerk docketed on December 30, 2024. ECF No. 49. The Court has reviewed those objections on a *de novo* basis but finds them to be meritless. In his objections, Plaintiff repeatedly asserts that certain aspects of the R&R are "misleading," "argumentative," and/or "deceiving"; at other times, he appears to accuse the Chief Magistrate Judge of committing perjury or unsworn falsification to authorities. However, Plaintiff's objections are largely incoherent or, at best, undeveloped and conclusory. In any

event, they fail to identify any legitimate error in the Chief Magistrate Judge's analysis or conclusions.

Accordingly, upon *de novo* review of the complaint and documents in the case, including the Amended Complaint, ECF No. [21], the Chief Magistrate Judge's Report and Recommendation at ECF No. [38], and Plaintiff's objections thereto, ECF No. [49], the following Order is entered:

NOW, this 12th day of February, 2025, IT IS ORDERED that this action shall be dismissed pursuant to the provisions of 28 U.S.C. §1915(e)(2) and §1915A, inasmuch as Plaintiff's claims are legally frivolous and/or fail to state a cognizable claim upon which relief can be granted. The Court further concludes that the defects in Plaintiff's pleading are not subject to remediation through further amendment. Accordingly, IT IS ORDERED that the Amended Complaint is DISMISSED with prejudice and without leave to amend.

IT IS FURTHER ORDERED that the Report and Recommendation of Chief U.S. Magistrate Judge Lanzillo, issued on November 20, 2024, ECF No. [38], is adopted as the opinion of this Court. Plaintiff's objections to the Report and Recommendation [49] are OVERRULED.

Finally, the Court has reviewed Plaintiff's motion at ECF No. [48], seeking leave to file an enclosed brief and clarification of his previously filed claims. Because the Court finds no merit in the motion or in the arguments that Plaintiff has proffered in support of his Amended Complaint, the motion at ECF No. [48] is DENIED.

There being no other matters pending before the Court in this case, the Clerk is directed to mark the within civil action "CLOSED."

                                */s/ Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge